CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar No. 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
patrick.rose@usdoj.gov
*Attorneys for Federal Defendant*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Bigelow Aerospace, LLC, a Nevada limited liability company,<br><br>                    Plaintiff,<br><br>         v.<br><br>National Aeronautics and Space Administration (NASA); Does 1-10; and Roe Entities 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:21-cv-00494-GMN-EJY<br><br>**Motion to Dismiss** |

        Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), the National Aeronautics and Space Administration ("NASA" or "Federal Defendant"), moves to dismiss this action on the grounds of lack of subject matter jurisdiction and failure to serve process; the latter deficiency results in the additional ground of lack of personal jurisdiction.

///

///

///

///

# I.  Introduction

Plaintiff alleges that it is owed $1,000,000 for services rendered pursuant to a contract with NASA. *See* Compl. ¶¶ 7, 16–17, 19 & n.1, ¶¶ 37, 38, 43, 49; Compl. at 11:5–6, ECF No. 1. As demonstrated below, 28 U.S.C. § 1346(a)(2) deprives this Court of subject matter jurisdiction to hear (i) a contract-based action in such amount and (ii) a government contractor's claim for payment in any amount. Plaintiff's claims are governed by the Contract Disputes Act, 41 U.S.C. § 7101–7109 ("CDA") (previously codified at 41 U.S.C. § 601, *et seq*.), which Plaintiff acknowledges, *see* Compl. ¶ 6. Federal district courts lack subject matter jurisdiction over CDA-based claims.

As also shown below, Plaintiff has failed to serve process in accordance with Fed. R. Civ. P. 4(i), and such failure deprives the Court of personal jurisdiction over NASA.

# II.  Points and Authorities

## A.  Legal Standards

### 1.   Rule 12(b)(1), subject matter jurisdiction, and sovereign immunity

Rule 12(b)(1) provides a vehicle to challenge the existence of subject matter jurisdiction, although federal courts are courts of limited jurisdiction and presumed to lack jurisdiction until proven otherwise, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The party invoking jurisdiction bears the burden of establishing the existence of subject matter jurisdiction. *Id.*

Moreover, the United States' sovereign immunity "is a question of the Court's subject matter jurisdiction." *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 325 (D. Nev. 1995) (citations omitted). "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules, Inc. v. United States*, 516 U.S. 417, 422-23 (1996) (alterations in original) (citations omitted). "Under the principle of sovereign immunity, the United States may only be sued where it has expressly consented to such suit by statute," and the United States "may define the conditions under which it is willing to be sued." *McMillan*, 907 F. Supp. at 325 (citations omitted). "'[L]imitations and

conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" *Id.* (citation omitted) (alteration in original). "The party suing the United States must point to an unequivocal waiver of sovereign immunity." *Id.* Sovereign immunity applies to federal agencies. *See id.*

### 2.   Rule 12(b)(2), (5), service of process, and personal jurisdiction

To effectuate service of process on a federal agency, a plaintiff must serve the summons and a copy of the complaint not only on the agency, but also on the United States. *See* Fed. R. Civ. P. 4(i)(2). To serve process on the United States, a plaintiff must serve copies, via registered mail or other authorized means, on the United States Attorney for the district in which the action is brought and also on the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1)(A), (B).

In the absence of service of process, a court may not exercise personal jurisdiction over a defendant. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (citations omitted).

**B.   The Court Lacks Subject Matter Jurisdiction over this Action Against NASA.**

As indicated above, Plaintiff "must point to an unequivocal waiver of sovereign immunity," *McMillan,* 907 F. Supp. at 325, as well as establish the existence of subject matter jurisdiction, *Kokkonen*, 511 U.S. at 377; *see also* LR 8-1 (pleading jurisdiction). Plaintiff cites two jurisdictional statutes, 28 U.S.C. §§ 1346, 1491(a)(1), Compl. ¶ 4, ECF No.1, but neither of them confers subject matter jurisdiction on *this* Court to hear *this* action.

### 1.   Section 1346(a)(2) does not confer subject matter jurisdiction on this Court.

#### i.   Plaintiff's claims exceed the $10,000 jurisdictional ceiling of Section 1346(a)(2).

First, Plaintiff invokes jurisdiction under 28 U.S.C. § 1346. Subsection (a)(2)—often referred to as the Little Tucker Act—is the only subsection that concerns actions founded

3

on an express or implied contract with the United States. However, that subsection limits the jurisdiction of federal district courts to claims "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927–28 (9th Cir. 2009) (§ 1346(a)(2) did not provide a jurisdictional basis for the district court to confirm an arbitration award, which arose from a contract dispute, that exceeded $10,000). Here, Plaintiff's claim for $1,000,000 greatly exceeds § 1346(a)(2)'s jurisdictional ceiling of $10,000 for federal district courts.

> ii.   The Contract Disputes Act strips district courts of subject matter jurisdiction that would otherwise exist under Section 1346(a)(2).

The district courts also lack subject matter jurisdiction over actions or claims that "are subject to sections 7104(b)(1) and 7107(a)(1) of title 41 [part of the CDA, 41 U.S.C. § 7101–7109]. 28 U.S.C. § 1346(a)(2); *see also Sunbelt Rentals, Inc. v. United States*, No. 1:17-cv-00325-CWD, 2018 WL 5621859, at *3 (D. Idaho Oct. 30, 2018) ("federal district courts lack jurisdiction over a contractor's claim against the government which is subject to the CDA.") (citation omitted); *Motorola, Inc. v. Perry*, 917 F. Supp. 4, 46, 47 (D.D.C 1996) (district courts lack subject matter jurisdiction over claims subject to the CDA).

The CDA is a comprehensive statutory scheme for resolving contractual disputes between government contractors and the United States. *See generally United States v. J & E Salvage Co.*, 55 F.3d 985, 987 (4th Cir. 1995); *cf. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 565 (9th Cir. 1994) (rejecting *Bivens* remedy in government contract setting because Congress intended the CDA to be a "comprehensive statutory system of legal and administrative remedies in resolving Government contract claims."[1]) (citation omitted).

Under the CDA, a government contractor must first submit a claim to the contracting officer—the agency official who administers the contract—for resolution. *See* 41 U.S.C. §§ 7101(6), 7103; *J & E Salvage*, 55 F.3d at 987. If the government contractor is dissatisfied with the contracting officer's decision on the claim, the contractor may appeal to an agency board of contract appeals or to the Court of Federal Claims. *See* 41 U.S.C. §

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

7104(a), (b)(1); *J & E Salvage*, 55 F.3d at 987. If the contractor remains dissatisfied after appealing to the agency board of contract appeals or the Court of Federal Claims, the contractor may seek review from the U.S. Court of Appeals for the Federal Circuit. 41 U.S.C. §§ 7107(a)(1); *J & E Salvage*, 55 F.3d at 987. These "review procedures under the CDA are exclusive of jurisdiction in any other forum[;] federal district courts lack jurisdiction over government claims against contractors which are subject to the CDA." *J & E Salvage*, 55 F.3d at 987 (citations omitted); *see also Texas Health Choice, L.C. v. Office of Pers. Mgmt.*, 400 F.3d 895, 899 (Fed. Cir. 2005) ("[T]here is no other alternative such as the district courts."); *cf. Texas Health Choice,* 400 F.3d at 899 ("The purpose for centralizing the resolution of government contract disputes in the Court of Federal Claims, rather than in district court, is to ensure national uniformity in government contract law.") (citation omitted).

Plaintiff acknowledges the applicability of the CDA. *See* Compl. ¶ 6.[2]

Thus, § 1346(a)(2) confers no subject matter jurisdiction on this Court to hear this action by a government contractor seeking $1,000,000 from NASA.

**2.      Section 1491(a)(1) does not confer subject matter jurisdiction on this Court.**

The second jurisdictional statute invoked by Plaintiff is 28 U.S.C. § 1491(a)(1), part of the Tucker Act. However, § 1491(a)(1) confers subject matter jurisdiction (over contract and other non-tort claims against the United States) on the "Court of Federal Claims," not on federal district courts. 28 U.S.C. § 1491(a)(1); *see also Park Place Assocs.*, 563 F.3d at 927 ("The Tucker Act thus neither waives sovereign immunity for suit in, nor confers jurisdiction on, the Central District of California."); *see generally United States v. Bormes*, 568 U.S. 6, 10 n.2 (2012) ("Whereas the Little Tucker Act creates jurisdiction in the district courts concurrent with the Court of Federal Claims for covered claims of $10,000 or less, the Tucker Act assigns jurisdiction to the Court of Federal Claims regardless of monetary

---

[2] The United States has not waived sovereign immunity as to implied-in-law contract claims such as an unjust enrichment claim (Plaintiff's third cause of action, Compl. at 10)*. See Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 538 (2013); *Anoruo v. Shinseki*, No. 2:11-cv-02070-MMD-CWH, 2012 WL 3648448, at *3 (D. Nev. Aug. 23, 2012).

amount."). Thus, § 1491(a)(1) confers no subject matter jurisdiction on this Court.

And, consistent with the discussion in the previous section, 28 U.S.C. § 1491(a)(2) provides the Court of Federal Claims with subject matter jurisdiction over contractors' claims "arising under section 7104(b)(1) of title 41," part of the CDA.[3]

Therefore, Plaintiff must pursue its claim, if at all, through the comprehensive, exclusive, resolution scheme of the CDA, and that scheme does not confer subject matter jurisdiction on federal district courts.

**C.      Plaintiff Failed to Serve Process, and this Failure Deprives the Court of Personal Jurisdiction over NASA.**

In suing a federal agency, a plaintiff must serve the complaint and summons, via certified mail or other authorized means, on the agency, the Attorney General of the United States, and the United States Attorney for the applicable district. *See* Fed. R. Civ. P. 4(i)(1), (2); *see also* Fed. R. Civ. P. 12(a)(2) (a response to a complaint is due 60 days after service on the United States Attorney). Here, Plaintiff failed to serve copies of the complaint and summons, by certified mail or other authorized means, on the Attorney General of the United States and the United States Attorney for the District of Nevada. The court record does not show otherwise. *See, e.g.,* ECF No. 5 (showing service only on NASA in Huntsville, Alabama).

In the absence of service of process, a court may not exercise personal jurisdiction over a defendant. *See Jackson,* 682 F.2d at 1347 ("Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.") (citations omitted); *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1229 (D. Nev. 2006) (court lacked personal jurisdiction over federal defendants because of plaintiff's failure to serve process in accordance with Rule 4(i)), *aff'd on other grounds*, 265 Fed. Appx. 555, No. 06-15649, 2008 WL 205508 (9th

---

[3] "[I]n lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary." 41 U.S.C. § 7104(b)(1).

Cir. Jan. 24, 2008).

Thus, Plaintiff has failed to serve process in compliance with Fed. R. Civ. P. 4(i), and this failure deprives the Court of personal jurisdiction over NASA.

### III.  Conclusion

Neither of the jurisdictional statutes cited by Plaintiff in its Complaint, 28 U.S.C. §§ 1346, 1491(a)(1), confer subject matter jurisdiction on this Court to hear this action. Indeed, Plaintiff's action is governed by the Contract Disputes Act, and federal district courts lack subject matter jurisdiction to hear CDA claims.

The court record shows that Plaintiff failed to serve copies of the complaint and summons on the Attorney General of the United States and the United States Attorney for the District of Nevada. This failure deprives the Court of personal jurisdiction over NASA.

For these reasons, the Court should dismiss this action.

Respectfully submitted on June 28, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney