# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bigelow Aerospace, LLC, )<br><br>            Plaintiff, )<br><br>    vs. )<br><br>National Aeronautics and Space )<br>Administration, )<br><br>            Defendant. ) | Case No.: 2:21-cv-00494-GMN-EJY<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 6), filed by Defendant National Aeronautics and Space Administration ("NASA").  Plaintiff Bigelow Aerospace, LLC ("Plaintiff") filed a Response, (ECF No. 11), and NASA filed a Reply, (ECF No. 14).

Also pending before the Court is Plaintiff's Countermotion to Transfer Case, (ECF No. 11).  NASA filed a Response, (ECF No. 15), but Plaintiff did not file a Reply.

For the reasons discussed below, the Court **GRANTS** NASA's Motion to Dismiss and **DENIES** Plaintiff's Motion to Transfer Venue.

## I.    BACKGROUND

This case arises out of Plaintiff's allegations that NASA breached their contract. (*See generally* Complaint, ECF No. 1).  Plaintiff alleges that NASA contracted Plaintiff to perform and complete a long-term pressure leak test on a prototype of an expandable space station module. (*Id.* ¶¶ 14–16).  Under the terms of the contract, NASA agreed to pay Plaintiff $1,650,000 for completing the test. (*Id.* ¶ 19).  Plaintiff alleges that it completed the test by October 16, 2020, and thus fully performed, but NASA has not yet paid $1,000,000 of the contract price. (*Id.* ¶¶ 19, 30).  On December 17, 2021, Plaintiff sent a demand letter to NASA contracting officer Doug Craig, which requested payment in the amount of $1,050,000. (*Id.* ¶

7).  On January 6, 2021, Plaintiff sent a second demand letter to contracting officer Doug Craig, which similarly requested payment in the amount of $1,050,000. (*Id.* ¶ 8).  In response, Vince Vanek, an attorney in NASA's Office of Chief Counsel, requested that Plaintiff produce extensive test data, but Plaintiff claims that this information was not required under the terms of the contract. (*Id.* ¶ 9).  On February 17, 2021, Plaintiff sent its third and final demand letter to Vince Vanek, which explained that Plaintiff already fully performed all obligations under the contract and requested payment in full. (*Id.* ¶ 10).  Plaintiff alleges that NASA never paid the amounts due and owing under the contract. (*Id.* ¶ 13).

Plaintiff filed this suit against NASA, seeking damages in excess of $1,000,000 and alleging three causes of action: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; and (3) Unjust Enrichment. (*Id.* ¶¶ 32–50).  As such, this action is governed by the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 7101–7109 (previously codified at 41 U.S.C. § 601 *et seq.*). (Compl. ¶ 6); (Mot. Dismiss 2:6–8, ECF No. 6).  NASA now moves to dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Mot. Dismiss 2:8–9).

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Therefore, before a federal court may consider the merits of a case, it must first determine whether it has proper subject-matter jurisdiction. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 653-54 (9th Cir. 2002).  Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject-matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*,

792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."). Accordingly, the court will presume lack of subject-matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen*, 511 U.S. at 377.

### B.    Motion to Transfer Venue

The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. A case is transferable under Section 1631 if three conditions are met: (1) transferring court lacks jurisdiction; (2) "the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; and (3) the transfer is in the interest of justice." *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008)).

## III.    DISCUSSION

### A.    Motion to Dismiss

In its Motion, NASA argues that this case should be dismissed because this Court lacks subject matter jurisdiction. (*Id.*). The Court agrees. Plaintiff's Complaint alleges two statutory grounds for subject matter jurisdiction: 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491(a)(1). However, neither statute establishes that a *district court* may have subject matter jurisdiction over this case. Section 1491(a)(1) confers jurisdiction not on the district courts, but on the *Court of Federal Claims*, "to render judgment on any claim against the United States founded . . . upon any express or implied contract with the United States." Under Section 1346(a)(2), district courts have concurrent jurisdiction with the Court of Federal Claims for breach of contract claims brought against the United States, but only for claims up to $10,000. Plaintiff's breach of contact claim against NASA, an agency of the United States, is for over $1,000,000, greatly exceeding Section 1346(a)(2)'s jurisdictional ceiling. Accordingly, neither Section

1491(a)(1) nor Section 1346(a)(2) confers subject matter jurisdiction on this District Court to hear Plaintiff's case.

Plaintiff concedes that this Court lacks subject matter jurisdiction, but asks the Court to transfer the case to the Court of Federal Claims instead of ordering dismissal. The Court addresses the possibility of transfer below.

**B.    Motion to Transfer Venue**

Plaintiff asserts that transferring this case to the Court of Federal Claims under 28 U.S.C. § 1631 would cure any jurisdictional defects because the Court of Federal Claims has exclusive jurisdiction over breach of contract claims exceeding $10,000 that are brought against the United States. *See* 28 U.S.C. § 1346; (Countermotion to Transfer 12:17–25, ECF No. 11). A case is transferable under 28 U.S.C. § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court would have been able to exercise its jurisdiction on the date the action was misfiled; and (3) the transfer is in the interest of justice. *Trejo-Mejia v. Holder*, 593 F.3d 913, 915 (9th Cir. 2010) (quoting *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008)).

Here, the first condition is easily met because, as discussed above, this Court lacks subject matter jurisdiction. However, NASA argues that transfer is inappropriate because the second condition cannot be met. (Resp. to Countermotion 1:24–28, ECF No. 15). NASA claims that the Court of Federal Claims also currently lacks jurisdiction because Plaintiff failed to exhaust the CDA's administrative remedies. (*Id.*). Plaintiff failed to refute NASA's argument that the Court of Federal Claims does not have jurisdiction.

For claims brought under the CDA, the Court of Federal Claims has jurisdiction only when a contractor has first exhausted his administrative remedies. *See Gov't Tech. Servs. LLC v. United States*, 90 Fed. Cl. 522, 529 (2009) ("[The Contractor] must exhaust its administrative remedies before bringing a CDA claim before this court."). *See also Bethlehem Steel Corp. v.*

*Avondale Shipyards, Inc.*, 951 F.2d 92 (5th Cir. 1992) (affirming dismissal of contractor's CDA action for lack of subject matter jurisdiction because the contractor had not exhausted the CDA's administrative remedies).  The CDA provides:  "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1).  Therefore, to exhaust administrative remedies under the CDA, a contractor must first request a final decision from their contracting officer.  *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing *James M. Ellett Constr. Co., v. United States*, 93 F.3d 1537, 1543 (Fed. Cir. 1996)) ("The CDA . . . requires that a claim indicate to the contracting officer that the contractor is requesting a final decision.").

In the present case, the Complaint alleges only that Plaintiff sent a demand letter to NASA's contracting officer requesting payment for the services Plaintiff provided. (Compl. ¶¶ 7–8).  The Complaint does not allege that the demand letter requested a final decision from the contracting officer, which is required to exhaust administrative remedies. *See M. Maropakis*, 609 F.3d at 1327.  Additionally, Plaintiff has not provided copies of any of the demand letters, which would have shown whether or not Plaintiff actually indicated to contracting officer Doug Craig that Plaintiff was requesting a final decision.  As such, Plaintiff failed to show that it met the CDA's jurisdictional prerequisite of exhausting administrative remedies, and thus, the Court finds that Plaintiff failed to meet its burden to establish that the Court of Federal Claims "would have been able to exercise its jurisdiction on the date [this] action was misfiled." *Trejo-Mejia*, 593 F.3d at 91.  Accordingly, the conditions required for transfer under 28 U.S.C. § 1631 are not met, and the Court denies Plaintiff's Motion to Transfer Venue.  NASA's Motion to Dismiss is granted.

//

//

**V.      CONCLUSION**

**IT IS HEREBY ORDERED** that NASA's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Transfer Venue, (ECF No. 11), is **DENIED**.

The Clerk of Court shall close this case.

**DATED** this __28__ day of February, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT